Brown v. W.T. Martin Plumbing & Heating, No. 201-5-10 Bncv (Wesley, J., Oct. 23, 2013).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## VERMONT SUPERIOR COURT

| | |
|---|---|
| **SUPERIOR COURT**<br>**Bennington Unit** | **CIVIL DIVISION**<br>**Docket No. 201-5-10 Bncv** |

| | |
|---|---|
| **Robert Brown,**<br>**Plaintiff.**<br><br>**v.**<br><br>**W.T. Martin Plumbing & Heating.**<br>**Defendants.** | |

### Opinion & Order:

In this workers' compensation appeal on remand from the Vermont Supreme Court, Plaintiff seeks judgment based on the application of the Supreme Court's ruling to the facts previously found at trial. Plaintiff also seeks an award of attorney's fees for representation at trial and in connection with the successful appeal. Plaintiff is represented by J. Norman O'Connor, Esq. and Donovan & O'Connor, LLP. Defendant is represented by Jeffrey Spencer, Esq.

For the reasons discussed below, the Court grants Plaintiff's motion for judgment and his motion for attorneys' fees.

### Procedural & Factual History

Plaintiff sues Defendant for worker's compensation coverage. Plaintiff is a master plumber who was Defendant's employee under the Vermont Worker's Compensation Act. On August 30, 2006, Plaintiff fell down a flight of stairs at job site and tore his rotator cuff. Plaintiff received treatment in 2007, and reached an end medical state in 2008. Plaintiff and Defendant disagreed about Plaintiff's level of impairment based on symptoms of complex regional pain syndrome (CRPS).

On April 16, 2010, the Vermont Department of Labor issued an opinion favorable to Defendant. On May 27, 2010, Plaintiff appealed to the Vermont Superior Court. The Court held a bench trial on March 30, 2011. On July 1, 2011, the Court made findings of fact and conclusions of law. The findings of fact found Plaintiff's expert credible, including the expert's rating of 46% impairment to the whole person. The Court found the testimony of Defendant's expert confused, and internally inconsistent in one particular case. However, the Court found Defendant's expert correctly applied the AMA guide's fifth edition as it believed was required by 21 V.S.A. § 648(b). Plaintiff's expert did not follow this methodology. Therefore, the Court entered judgment in favor of Defendant. *See Martin v. W.T. Martin Plumbing & Heating*, 201-5-10 Bncv, 2011 WL 8472961 (Vt. Super. Ct. July 1, 2011) (Wesley, J.) *available:* https://www.vermontjudiciary.org/20112015%20Tcdecisioncvl/2011-7-8-2.pdf, *rev'd* 2013 VT 38.

Plaintiff appealed to the Vermont Supreme Court. *See Brown v. W.T. Martin Plumbing & Heating*, 2013 VT 38. The Court noted worker's compensation laws must be interpreted liberally to favor employees. *Id.* ¶ 19. The Court therefore concluded 21 V.S.A. § 648(b) allows doctors and courts to consider matters outside of the AMA 5th edition for diagnosis CRPS. *Id.* ¶ 22. The Supreme Court reversed and remanded. *Id.* ¶ 36. In its mandate, the Supreme Court wrote:

> For the above reasons, we conclude that the trial court and the Commissioner erred in concluding that 21 V.S.A. § 648(b) and the AMA Guides precluded them, as a matter of law, from considering any evidence of claimant's impairment associated with CRPS. We remand to the trial court for reconsideration of claimant's permanent impairment rating in light of the above analysis.

*Id.*

After the Supreme Court's ruling, Plaintiff sought judgment and attorney's fees from this Court. On July 29, 2013, Plaintiff requested entry of judgment in his favor. On July 26, 2013, Plaintiff filed his request for attorney's fees. Plaintiff seeks $18,636 in attorney's fees and $139.13 in non-taxable costs. He bases his claim for attorney's fees on 71.10 hours of representation itemized by Attorney O'Connor and three other attorneys in his firm. Plaintiff requests $260 per hour for work done in 2011 and $275 per hour for work done in 2012, with same hourly rate for each attorney. The non-taxable costs occur from computer-assisted research, postage, and copying fees. Defendant opposed both motions on August 7, 2012. Plaintiff responded to the opposition on August 19, 2013. On September 3, 2013, the Court held a hearing on the motions. The Court allowed the parties ten days to submit supplemental filings.

On September 16, 2013, Defendant filed a supplemental brief. Defendant requests the ability to offer additional evidence about the degree of Plaintiff's impairment. Defendant notes the Court held a chambers conference during court trial. *See* Trial Transcript, p. 75 (March 30, 2013). Defendant alleges this conference was to shortcut the proceedings and therefore Defendant did not offer a full defense of Plaintiff's impairment. No record exists on what occurred at the chambers conference and Defendant made no objection after the chambers conference. On September 20, 2013, Plaintiff disputed that he or the Court cut off Defendant's ability to present its case. On September 23, 2013, Defendant also filed an affidavit from Keith J. Kasper, the head of the Vermont Bar Association Worker's Compensation Section, which stated $260 per hour was unreasonable the fees should instead be around $200 per hour. The affidavit stated a range of rates from $35 per hour to $250 hour are normal.

## Discussion

There are three issues raised on remand. First, the Court must consider if it may enter judgment in favor of Plaintiff based on its fact findings from July 1, 2011 order. The Court must apply the legal analysis offered by the Supreme Court to come to any conclusion. *See Brown*, 2013 VT 38, ¶ 22. Second, the Court must consider if it must allow Defendant the chance to offer more evidence because of statements made at a chambers conference. Finally, the Court must consider the reasonableness of Plaintiff's attorneys' fees.

1. *The Court's Ability to Enter Judgment based on Previous Findings of Fact*

The Court first considers the scope of the Supreme Court's remand. The trial court must act according to the Supreme Court's mandate and specific directions. *See Coty v. Ramsey Assocs., Inc.*, 154 Vt. 168, 171 (1990). The Supreme Court indicated this Court incorrectly applied 21 V.S.A. § 648(b). *Brown*, 2013 VT 38, ¶ 36. The Supreme Court then remanded for reconsideration in light of its analysis. *Id.* The discretion is broad and does not indicate what types of evidence the Court should consider in making its reconsideration. Therefore, the Court must decide how to implement the Supreme Court's analysis. *See id.*; *Coty*, 154 Vt. at 171.

In *Coty*, the Vermont Supreme Court considered an appeal from a remand. 154 Vt. at 169. The case involved a "deliberately offensive pig farm in Stowe," which the trial court had found a nuisance. *Id.* The Supreme Court affirmed on the issue of nuisance but remanded on the issue of punitive damages. *Id.* On further appeal, the Supreme Court determined the trial court's assessment of punitive damages on remand was inconsistent with the Supreme Court's original order, as well as inconsistent with the trial court's own original findings. *Id.* at 170; *see also Coty v. Ramsey Assocs., Inc.*, 149 Vt. 451 (1988) (decision on first appeal).

In reviewing the trial court's decision, the Supreme Court provided guidance on what a trial court must do on remand. *See Coty*, 154 Vt. at 171. A trial court must follow the direction of a remand. *Id.* Among the reasons for this rule is to promote finality, and to preclude new theories not presented by the initial trial, nor included within the scope of the remand. *Id.* (quoting *Perkins v. Vermont Hydro-Electric Corp.*, 106 Vt. 367, 415–16 (1934)). The Court indicated factual findings should not be reconsidered unless there was a material change in the evidence on remand. *Id.* The Court also quoted Wright & Miller, which states that fact findings are not suitable for review on remand unless there is substantial new evidence. *See id.*; *see also* 18B Fed. Prac. & Proc. Juris § 4478.5 (describing the law of the case doctrine as it applies to remands).

Defendant also cites a Labor Department ruling to suggest the Court should allow Defendant to offer additional evidence. *See Owen v. Bombardier Corp.*, No. 21-00WC, (Vt. Dep't. of Labor July 12, 2000), *available*: http://labor.vermont.gov/Default.aspx?tabid=959. *Owen* concerned a remand from an interlocutory appeal from the Supreme Court. *Id.* ¶ 5. The Vermont Supreme Court reversed a decision of summary judgment because it found a disputed material fact. *Id.*; *see also Owen v. Bombardier Corp.*, 741 A.2d 294 (table) (Vt. 1999) (remanding decision). The Department of Labor found the Supreme Court did not answer its certified question but instead decided the case on an issue not raised by the original motions. *See* Owen, No. 21-00WC, ¶ 7. The Vermont Department of Labor therefore thought a de novo review was appropriate. *Id.*

*Owen* is unpersuasive for the argument that the Court should allow additional evidence. First, decisions from the Vermont Department of Labor are not binding on the Superior Court, as compared to the precedential effect of the holding in *Coty*. *See* 154 Vt. at 171. More importantly, *Owen* involved a remand from reversal on interlocutory appeal based on the trial court's erroneous belief that no material facts were at issue. Absent, summary judgment based on a different set of uncontested facts, a trial on remand was inescapable. In this case, by contrast, remand did not by its terms require further evidence, and the Court concludes it made

3

sufficient findings of fact to now support judgment when applying to those facts the holding on appeal. *See Brown*, 2013 VT 38, ¶ 36. Both parties had a chance to present their evidence at the original trial. Nothing suggests the evidence of impairment has substantially changed. Defendant has provided no basis for re-litigating its case. *See Coty*, 154 Vt. at 171.

The Court must enter judgment in favor of Plaintiff. The Court found Plaintiff's expert credible as compared with Defendant's expert, and only ruled against Plaintiff because the Court incorrectly believed Plaintiff's expert followed a diagnostic approach which was inconsistent with the Worker's Compensation statute. *See Brown*, 2013 VT 38, ¶ 22, 36. Moreover, Defendant's expert did not find any fault in Plaintiff's expert's method for evaluating Plaintiff other than Plaintiff's expert's failure to follow the AMA 5th guidelines for diagnosis. *See* Transcript of Court Trial, p. 97. Under these circumstances, and in accordance with the Supreme Court's analysis, the Court adopts Dr. Lefkoe's diagnosis, supported by his reliance on the International Association for the Study of Pain diagnostic criteria. The Court further concludes that accepting that diagnosis, Plaintiff has established a 46% whole person impairment as rated under the AMA 5th guidelines for the condition described by Dr. Lefkoe. Plaintiff is entitled to judgment and should receive benefits based on an impairment rating of 46% of the whole person.

2. *Statements Made at a Chamber's Conference*

The Court next considers if the chamber's conference entitles Defendant to present additional evidence. The Court allowed a chambers conference in consideration of a discussion regarding testimony necessary to the resolution of a seemingly narrow question of law. However, the Court does not recall directing Defendant how to proceed with his case. After the conference, Defendant continued with its case and made no objection about anything that happened in the chambers conference. Moreover, as noted in the prior section, Defendant's expert testified he did not disagree with the methodology of Plaintiff's expert other than Plaintiff's expert's failure to rely on the AMA 5th guidelines for diagnosing CRPS. *See* Transcript of Court Trial, p. 97.

Little guidance exists on what to do about claims arising from off the record conferences. In *Berliner v. Clukay*, the New Hampshire Supreme Court considered a similar issue about how to handle statements allegedly made in a chambers conference. *See* 834 A.2d 297, 304–05 (N.H. 2003). *Berliner* concerned a suit for the illegal harvesting of timber. *Id.* at 299. The Defendant appealed a jury award of damages. *Id.* at 302. The argument was partially based on statements made in a conference on the jury instructions. *See id.* at 302–05. Some of the conference occurred on the record, but the parties excused the recorder. *See id.* The New Hampshire Supreme Court determined the parties did not reach an agreement on the record and there was no objection. *Id.* at 304–05. The court held anything Defendant said off the record was not preserved for appeal. *Id. Berliner* is instructive because it suggests a party must make some kind of objection on the record to preserve his argument. *See id.*

In this case, the chambers conference does not entitle Defendant to present additional evidence. Defendant's argument has three flaws. First, the Court does not recall curtailing Defendant's right to present his case. Second, Defendant's expert discussed Plaintiff's expert method for assessing impairment and noted no issue. Finally, Defendant did not document his claim. If Defendant believed the Court improperly limited the scope of the case, then Defendant

should have made a statement on the record. *See id.* As in *Berliner*, statements made in chambers conferences have no influence on later arguments unless the parties document their objection. *See id.* Accordingly, the Court finds Defendant's arguments unpersuasive.

3. *Reasonableness of Plaintiff's Attorney's Fees*

Finally, the Court considers if the attorney's fees requested by Plaintiff are reasonable. On appeals to the Superior Court and Supreme Court in worker's compensation cases, a plaintiff is entitled to reasonable attorney's fees if the plaintiff prevails. 21 V.S.A. § 678(b). The Vermont Supreme Court recently considered the factors in awarding attorneys fees for a worker's compensation case. *See Perez v. Travelers Ins.*, 2006 VT 123, 181 Vt. 45. In *Perez*, Plaintiff's attorney had approximately thirty years of experience and sought attorney's fees of $175 per hour, for a total of $19,460.00. *Id.* ¶ 3. The attorney also submitted affidavits supporting an hourly rate between $175 and $250 per hour.[1] *Id.*

The Superior Court has discretion in determining the amount of attorney's fees, but only limited discretion to decide whether to award attorneys fees. *Id.* ¶ 8.

> Generally, in determining what constitute reasonable attorney's fees, courts should begin with what is referred to as the "lodestar" amount: "the number of hours reasonably expended on the case multiplied by a reasonable hourly rate." *L'Esperance*, 2003 VT 43, ¶ 22, 175 Vt. 292, 830 A.2d 675. From this starting point, the court can " then adjust [ ] that fee upward or downward based on various factors," including "the novelty of the legal issue, the experience of the attorney, and the results obtained in the litigation." *Id.* Here, claimant submitted an itemized billing statement and affidavits from other attorneys providing a range of comparable billing rates.

*Id.* ¶ 10. It is helpful to know not only about the types of litigation, but also about how attorneys with similar levels of experience bill. *See id.* ¶ 14. "Regarding a reasonable hourly rate for claimant's attorney, the standard is relatively flexible and requires only that the party seeking fees provide a basis for comparing the rates requested to prevailing rates." *Id.*

Only Defendant supplied the Court with an affidavit of what is a reasonable rate. That affidavit indicated approximately $200 per hour is reasonable, but there is a range of $35 per hour to $250 per hour.[2] Plaintiff provided neither affidavits nor information about his attorney's background. Additionally, the billing summary provided to the Court lists the initials of four attorneys. Plaintiff has not provided information about background and experience of these attorneys. Plaintiff has not explained why all of the attorneys bill at the same rate.

---

[1] According to the Bureau of Labor Statistics, $175 in 2006 is equivalent to $203.02 in 2013. $250 dollars in 2006 is equivalent to $290.03 in 2013. Bureau of Labor Statistics, Databases, Tables & Calculators by Subject: CPI Inflation Calculator, http://www.bls.gov/data/inflation_calculator.htm (last visited October 14, 2013).
[2] Defendant also notes Vermont Administrative Code establishes $145 per hour as reasonable for representation on a worker's compensation claim before the Vermont Department of Labor. *See* Vt. Admin. Code 13-4-1:10.0000. These rules do not apply to this Court. 21 V.S.A. § 678(c). Because the Court has controlling case law, it will not follow the guidance of the Vermont Department of Labor. *See Perez,* 2006 VT 123, ¶¶ 8, 10, 14.

5

The Court will award Plaintiff attorney's fees at the rate of $200 per hour. The Court has insufficient information to conduct the analysis described by *Perez*. *Id.* ¶¶ 10, 14. Parties must provide the Court with the information it requires to conduct its analysis. The best information the Court has is the affidavit provided by Defendant, which suggests $200 per hour is reasonable. The Court accepts this statement. Defendant does not dispute the appropriateness of the number of hours Plaintiff's attorneys worked, which Plaintiff states was 71.1 hours. Plaintiff is entitled to $14,220 in attorneys' fees. Plaintiff is also entitled to $139.13 in non-taxable costs.

## Order

The Court **GRANTS** Plaintiff's motion to enter judgment. The Court **GRANTS** Plaintiff's motion for attorney's fees. Defendant must pay Plaintiff $14,220 in attorneys' fees and $139.13 in non-taxable costs.

Dated at Bennington, Vermont on October 22, 2013

John P. Wesley
Superior Court Judge

6